UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THOMAS MILLER**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**EGV COMPANIES, INC.**, d/b/a **OMEGA AUTO CARE**, a Delaware corporation, and **JOHN DOE CORPORATION**,<br><br>*Defendants*. | Case No.: 5:20-cv-690-BYP<br><br>Judge Benita Y. Pearson |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE CERTAIN OF DEFENDANT EGV COMPANIES' AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(f)**

Plaintiff by and through his counsel, files this memorandum of law in support of Plaintiff's Motion to Strike Certain of Defendant EGV Companies' Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f).

Defendant EGV Companies, Inc.'s ("Omega" or "Defendant") answer is exactly the type of "kitchen sink" pleading that Courts have long decried as inefficient and wasteful. *See Boehm v. Legends of the Field, LLC*, No. 15-cv-683, 2016 WL 2732202, at *1 (W.D. Wis. May 10, 2016) ("Defendants have taken a wasteful, kitchen-sink approach to their pleading, so plaintiffs' irritation is understandable."); *Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, No. 01 Civ. 6600, 2005 WL 3370542, at *6 (S.D.N.Y. Dec. 12, 2005) (dismissing affirmative defenses where party "included in their pleadings an everything-but-the-kitchen-sink list of affirmative defenses that they do not even attempt to support"); *Nixson v. Health Alliance*, No. 1:10-cv-00338, 2010 WL 5230867 (S.D. Ohio Dec. 16, 2010) ("The Court on this record cannot

evaluate whether any of the defenses present could plausibly apply to this case because the defenses asserted are not tied to any factual allegations and are merely boilerplate recitations of legal conclusions.")

Under Fed. R. Civ. P. 12(f), this Court may strike, "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" *United States Sec. & Exch. Comm'n v. Thorn*, No. 2:01-cv-290, 2002 WL 31412440, at *2 (S.D. Ohio Sept. 30, 2002) (quoting *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)) *See also Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989)) (a motion to strike is appropriate "where it will eliminate spurious issues before trial and streamline the litigation."). A motion to strike serves the purpose "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).[1]

As discussed below, a substantial number of Omega's affirmative defenses are insufficient or impertinent and thus should be struck. Those defenses fall into two distinct

---

[1] It remains an open question in the Sixth Circuit as to whether the heightened pleading standards articulated by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to affirmative defenses. A number of courts have chosen to apply *Twombly* or *Iqbal* to pleading of affirmative defenses. *See, e.g. HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 690-91 (N.D. Ohio 2010); *Doe by and through Doe v. Bd. Of Educ. Of Highland Local Sch. Dist.*, No. 2:16-cv-254, 2017 WL 3588727, at *2 (S.D. Ohio Aug. 21, 2017); *Safeco Ins. Co. of America v. O'Hara Corp.*, No. 08-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008).

categories – those that are attacks on Plaintiff's *prima facie* case, and thus are not affirmative defenses at all, and those that fail as a matter of law. The interests of judicial economy are best served by striking these defenses at this stage of the litigation.

**SECOND AFFIRMATIVE DEFENSE**
**(Improper Class Action)**

This is not a true affirmative defense, but rather appears to be an attack on plaintiff's *prima facie* case. As such, it is subject to being struck under Fed. R. Civ. P. 12(f). *See Saunders v. Fast Auto Loans, Inc.*, No. 2:15-cv-2624, 2016 WL 1627035 (E.D. Cal. Apr. 25, 2016); *Dana Corp. v. Blue Cross & Blue Shield Mut. of Northern Ohio*, No. C87-7734, 1990 WL 264716, at *9 (N.D. Ohio Dec. 14, 1990) (striking "affirmative defenses" that attack Plaintiff's *prima facie* case and damages); *Whirlpool Properties, Inc. v. LG Electronics U.S.A., Inc.*, No. 1:03-cv-414, 2005 WL 3088339, at *23 (W.D. Mich. Nov. 17, 2005); *Chowning v. Kohl's Dept. Stores, Inc.*, No. 2:15-cv-08673, 2016 WL 7655753, at *3 (C.D. Cal. Apr. 1, 2016).

This "affirmative defense" thus fails as a matter of law and should be struck.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

This is also not a true affirmative defense, but rather also appears to be an attack on plaintiff's *prima facie* case. As such, it is subject to being struck under Fed. R. Civ. P. 12(f). *See Saunders*, 2016 WL 1627035; *Dana Corp.*, 1990 WL 264716, at *9; *Whirlpool Properties*, 2005 WL 3088339, at *23; *Chowning*, 2016 WL 7655753, at *3.

This "affirmative defense" thus fails as a matter of law and should be struck.

**FOURTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

Because a plaintiff must plead and ultimately prove standing, lack of standing "'is not an affirmative defense under federal law.'" *De Lage Landen Fin. Servs. v. M.D.M. Leasing Corp.*,

No. 07 C 0045, 2007 WL 4355037, at *3 (N.D. Ill. Dec. 10, 2007) (*quoting Native Am. Arts, Inc. v. The Waldron Corp.*, 253 F. Supp. 2d 1041, 1045 (N.D. Ill. Jan. 22, 2003)).

Moreover, a mere procedural violation of the TCPA is not what is alleged here. By alleging that Omega placed numerous prerecorded calls to cellular telephones without prior express permission, Plaintiff accuses Defendant of engaging in precisely the type of abusive behavior the TCPA aims to prevent: infringement of "the substantive right to be free from certain types of phone calls and texts absent consumer consent." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017); *see also Florence Endocrine Clinic, PLLC v. Arriva Med., LLC*, 858 F.3d 1362, 1366 (11th Cir. 2017) (observing that the TCPA creates "cognizable" substantive rights).

The Supreme Court has made clear that Article III requires a plaintiff alleging violations of a consumer protection statute, such as the TCPA, to have suffered an injury in fact in order to have standing to pursue such claim. *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1548 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "[A] bare procedural violation, divorced from any concrete harm, [will not] satisfy the injury-in-fact requirement of Article III." *Id.* at 1549.

However, since "a violation of the TCPA is [itself] a concrete, de facto injury . . . [a] plaintiff alleging a violation under the TCPA need not allege an additional harm beyond" unsolicited calls to the plaintiff. *Van Patten*, 847 F.3d at 1043; *see also Tillman v. Ally Fin. Inc.*, No. 2:16-cv-313, 2016 WL 6996113, at *4 & n.6 (M.D. Fla. Nov. 30, 2016) (observing that a TCPA "plaintiff has standing to proceed based upon the allegation[] that he received autodialed

4

calls" regardless of whether other specific harms are alleged). Nevertheless, Plaintiff has in fact alleged additional concrete harms:

> This includes the aggravation, nuisance, and invasions of privacy that result from the sending and receipt of such prerecorded calls, a loss of value realized for the monies consumers paid to their carriers for the receipt of such prerecorded calls, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

Complaint at ¶ 27.

This affirmative defense thus fails as a matter of law, and should be struck.

**FIFTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

The doctrine of unclean hands bars recovery for a plaintiff who engaged in "reprehensible conduct in the course of the transaction at issue." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995). There is no indication anywhere in Omega's pleading that Plaintiff engaged in 'reprehensible conduct' such that the unclean hands doctrine could and would apply here.

In the context of the TCPA, courts have routinely struck this purported affirmative defense as immaterial. *See e.g. Bruce v. Ocwen Loan Servicing, LLC*, No. 12-1561, 2012 WL 4867224, at *2 (M.D. Fla. Oct. 15, 2012); *The Flag Co. v. Maynard*, No. 05-1194, 2006 WL 2225816, at *2 (D. Or. Aug. 1, 2006).

As such this affirmative defense should be also struck.

**SIXTH AFFIRMATIVE DEFENSE**
**(Improper Class Action)**

This is not a true affirmative defense, but rather again appears to be an attack on plaintiff's *prima facie* case. As such, it is subject to being struck under Fed. R. Civ. P. 12(f). *See Saunders*, 2016 WL 1627035; *Dana Corp.*, 1990 WL 264716, at *9; *Whirlpool Properties*, 2005

5

WL 3088339, at *23; *Chowning*, 2016 WL 7655753, at *3.

This "affirmative defense" thus fails as a matter of law and should be struck.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Acts of Third Parties or Plaintiff's Own Actions or Inaction)**

As courts have noted, it is not a defense to assert "that any loss or damage suffered by plaintiff was due to the affirmative act or omission of plaintiff or other people." *See, e.g., Glover v. Mary Jane M. Elliott, P.C.*, No. 1:07-cv-648, 2007 WL 2904050 (W.D. Mich. Oct. 2, 2007). The Glover court struck the purported affirmative defense, noting: "This is not a defense. Defendant is only responsible for its own acts or omissions." *Id.*

In addition, courts that have considered whether a plaintiff has a duty to mitigate damages under Section 227 of the TCPA have found there is no such duty. *See, e.g., Powell v. West Asset Mgmt. Inc.*, 773 F.Supp.2d 761, 764 (N.D. Ill., 2011); *Fillichio v. M.R.S Associates, Inc.*, No. 09–612629–CIV, 2010 WL 4261442, at *5 (S.D. Fla. Oct. 19, 2010); *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 868 N.E.2d 270, 275 (2007); *Manuf. Auto Leasing, Inc. v. Autoflex Leasing, Inc.*, 139 S.W.3d 342, 347 (Tex. Ct. App. 2004); *Onsite Computer Consulting Svs., Inc. v. Dartek Computer Supply Corp.*, No. 05AC–000108 I CV, 2006 WL 2771640, at *4 (Mo. Cir. May 17, 2006).

As such this "affirmative defense" should be struck as impertinent.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Exempt from Liability under the TCPA)**

Omega states that it is "exempt from liability under the TCPA and/or the rules and regulations proscribed by the Federal Communications Commission." This purported affirmative defense is indefensibly vague and conclusory, and as noted by other courts when presented with similar language, "[p]laintiff cannot reasonably prepare a response to this defense without at

6

least knowing which provision of the TCPA allegedly bars plaintiff's claims. *Exclusively Cats Vet. Hosp., P.C. v. Pharm. Credit Corp.*, No. 13-cv-14376, 2014 WL 4715532, at *4 (E.D. Mich. Sept. 22, 2014).

As such this "affirmative defense" should be also struck.

### NINETH [sic] AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

This is also not a true affirmative defense, but rather appears to be an attack on plaintiff's *prima facie* case. As such, it is subject to being struck under Fed. R. Civ. P. 12(f). *See Saunders*, 2016 WL 1627035; *Dana Corp.*, 1990 WL 264716, at *9; *Whirlpool Properties*, 2005 WL 3088339, at *23; *Chowning*, 2016 WL 7655753, at *3.

This "affirmative defense" thus fails as a matter of law and should be struck.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Omega's purported estoppel "affirmative defense" must also be struck as it "fails to specify which theory of estoppel is being asserted, and the allegation is wholly insufficient to provide Plaintiff with adequate notice of the facts supporting the defense." *J & J Sports Productions, Inc. v. Montanez*, No. 10-01693, 2010 WL 5279907, at *3 (E.D. Cal. Dec. 13, 2010). Additionally, where "an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Solis v. Zenith Capital, LLC*, No. C 08–4854, 2009 WL 1324051 *2 (N.D. Cal. May 8, 2009).

Accordingly, this affirmative defense should be also struck.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

Waiver is an "intentional relinquishment or abandonment of a known right." *United*

*States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). Here, there is no indication anywhere in Omega's pleading that Plaintiff engaged in activity that might constitute a waiver of known rights. Bare-bones legal conclusions such as those asserted by Omega here, without any factual support, are precisely the types of affirmative defenses subject to striking. *See e.g. Nixson v. Health Alliance*, No. 1:10-cv-00338, 2010 WL 5230867 (S.D. Ohio Dec. 16, 2010) ("The Court on this record cannot evaluate whether any of the defenses present could plausibly apply to this case because the defenses asserted are not tied to any factual allegations and are merely boilerplate recitations of legal conclusions.")

Accordingly, this affirmative defense should be also struck.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Mistake)**

Any allegation of mistake must be stated "with particularity" under Fed. R. Civ. P. 9(b). *Accord Wiebe v. Zakheim & Lavrar, P.A.*, No. 6:12-cv-1200, 2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012); *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 537 (D. Md. 2010); *Konewko v. Dickler, Kahn, Sloikowski & Savell, Ltd.*, No: 07 C 5338, 2008 WL 2061551, at *1 (N.D. Ill. May 14, 2008). As Omega has failed to allege the "the who, what, when, where, and how" of their mistake, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003), this purported affirmative defense is indefensibly vague and conclusory, and the Court should strike it.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Courts have determined that recipients of unsolicited communications do not have a duty to mitigate under the TCPA. *See e.g. Springer v. Fair Isaac Corp.*, No. 14-cv-02238, 2015 WL 7188234, at *5 (E.D. Cal. Nov. 16, 2015) (striking failure-to-mitigate defense); *Exclusively Cats*

8

*Vet. Hosp., P.C. v. Pharm. Credit Corp.*, No. 13-cv-14376, 2014 WL 4715532, at *6 (E.D. Mich. Sept. 22, 2014) (where it was clear plaintiff sought only statutory damages, mitigation defense "cannot succeed under any circumstances"); *Powell v. W. Asset Mgmt., Inc.*, 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011) ("The TCPA does not expressly include a duty of callees to mitigate the statutorily-prescribed damages by answering or returning telephone calls received from automatic dialing machines and informing the calling entity that it has the incorrect number." and listing cases finding no duty to mitigate under § 227 of the TCPA).

This "affirmative defense" thus fails as a matter of law and should be struck.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

The circuit courts that have considered whether intent is relevant to TCPA liability have all concluded that good faith error or mistake does *not* preclude a defendant's liability, but is material only to the question of treble damages for willful conduct. *See Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011) ("The TCPA is essentially a strict liability statute....[and] does not require any intent for liability except when awarding treble damages."); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 641 (7th Cir. 2012) (affirming TCPA liability for calls to phone numbers where the recipient of the call had not given consent, even if the phone number was called due to a typographical error in its entry or because the number previously belonged to a different person); *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 882 n. 3 (8th Cir. 2005) ("The [TCPA]...makes no exception for senders who mistakenly believe that recipients' permission or invitation existed. The issue of intent, or more accurately, the issues of knowledge and willfulness, however, clearly are material to the question of treble damages.").

Moreover, a large number of district courts have concluded that a defendant's "good

faith" provides **_no defense_** to a TCPA claim. *See, e.g., Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2017 WL 5720548, at *3 (C.D. Cal. Nov. 6, 2017) ("there is no good faith defense against a TCPA claim...[a]ccordingly, the court will also strike the 'bona fide error' language from defendants' seventeenth affirmative defense")*; Olney v. Job.com, Inc.*, No. 1:12-CV-01724-LJO, 2014 WL 1747674, at *9 (E.D. Cal. May 1, 2014) ("the [c]ourt declines to find TCPA provides a good faith exception."); *Morgan v. Branson Vacation & Travel, LLC*, No. CIV-13-188-C, 2013 WL 5532228 at *1 (W.D. Okla. October 4, 2013) ("Respondent's good faith is immaterial as the statute imposes strict liability for violations"); *Lee v. Loandepot.com, LLC*, No. 14-cv-01084, 2016 WL 4382786, *7 ((D. Kan. Aug. 17, 2016) (refusing to apply good faith defense in TCPA case).

This "affirmative defense" thus fails as a matter of law and should be struck.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Join)**

Omega points to no statute or common law that recognizes "failure to join a necessary party" as an affirmative defense to the claims raised. Omega has also utterly failed to identify any necessary party that needs to be joined, and thus provided no factual basis for this defense that would constitute "fair notice."

Where "an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Solis*, 2009 WL 1324051 at *2.

Accordingly, this "affirmative defense" should be also struck.

**TWENTY THIRD AFFIRMATIVE DEFENSE**
**(Lack of Standing / Harm)**

Lack of standing under Article III is *not* an affirmative defense, but rather is a matter

implicating the Court's subject matter jurisdiction over an action. *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1242 (11th Cir. 2003).

The Supreme Court has made clear that Article III requires a plaintiff alleging violations of a consumer protection statute, such as the TCPA, to have suffered an injury in fact in order to have standing to pursue such claim. *Spokeo*, 136 S. Ct. at 1548. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). "[A] bare procedural violation, divorced from any concrete harm, [will not] satisfy the injury-in-fact requirement of Article III." *Id.* at 1549.

A mere procedural violation of the TCPA is not what is alleged here. By alleging that Omega placed numerous prerecorded calls to consumer's telephones without prior express permission, Plaintiff accuses Defendant of engaging in precisely the type of abusive behavior the TCPA aims to prevent: infringement of "the substantive right to be free from certain types of phone calls and texts absent consumer consent." *Van Patten*, 847 F.3d at 1043; *see also Florence Endocrine*, 858 F.3d at 1366 (observing that the TCPA creates "cognizable" substantive rights).

Since "a violation of the TCPA is [itself] a concrete, de facto injury . . . [a] plaintiff alleging a violation under the TCPA need not allege an additional harm beyond" unsolicited calls to the plaintiff. *Van Patten*, 847 F.3d at 1043; *see also Susinno v. Work Out World Inc.*, 862 F.3d 346 (3rd Cir. 2017) (observing that "asserting 'nuisance and invasion of privacy' resulting from a single prerecorded telephone call...asserts 'the very harm that Congress sought to prevent,'" and thus finding that such intangible harms are sufficiently concrete to grant standing). Nevertheless, Plaintiff has in fact alleged additional concrete harms:

> Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the prerecorded calls

11

>disturbed Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone.

Complaint at ¶ 37.

This purported "affirmative defense" thus fails as a matter of law and should be struck.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**
**(1st Amendment)**

It has been black letter law for ***twenty-five years*** that the TCPA does not violate the First Amendment. *See, e.g. 23 Destination Ventures, Ltd, v. FCC*, 46 F.3d 54 (9th Cir. 1995); *Missouri ex rel Nixon v. American Blast Fax, Inc.*, 323 F.3d 649, 654-55 (8th Cir. 2003); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169 (S.D. Ind. 1997).

Courts also therefore, routinely strike this purported "affirmative defense" in the context of TCPA cases. *See, e.g. Vazquez v. Triad Media Solutions, Inc.*, No. 15-cv-07220, 2016 WL 155044 (D.N.J., Jan.13, 2016).

This defense thus fails as a matter of law and should be struck.

Additionally, if Omega indeed intends to assert the purported unconstitutionality of the TCPA, it has failed to comply with Fed. R. Civ. P. 5.1 and L.R. 24.1, which set forth specific procedures for asserting such claims in a pleading.[2]

**TWENTY SEVENTH AFFIRMATIVE DEFENSE**
**(Intended Recipient)**

This purported "affirmative defense" also fails as a matter of law. The TCPA requires "prior express consent of the called party" in order to use an artificial or pre-recorded voice. *See* 47 U.S.C. §§ 227(b)(1)(A) and (B). As the vast majority of courts to address this issue have held,

---

[2] This is not the first time that Omega has failed to comply with this Court's orders or the local rules of this District. *See* ECF #10.

the statute requires the actual recipient, and not some mythical "intended recipient" to have granted the proper consent for such calls. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012); *Harris v. World Financial Network Nat. Bank*, 867 F. Supp. 2d 888 (E.D. Mich. 2012); *King v. Time Warner Cable*, 113 F. Supp. 3d 718 (S.D.N.Y. 2015); *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-CV-02306-EDL, 2018 WL 3241069, at *3 (N.D. Cal. July 2, 2018) ("courts have generally rejected the 'intended recipient' definition, which counsels against a conclusion that Defendant can rely on a good faith exemption to the consent requirement.")

This purported "affirmative defense" thus fails as a matter of law and should be struck.

**TWENTY NINTH AFFIRMATIVE DEFENSE**
**(Excessive Fines & Due Process)**

It has also been black letter law for ***more than twenty years*** that the statutory damages provisions of the TCPA do not violate the Constitution's due process clauses. *See, e.g. Kenro*, 962 F. Supp. at 1167.

These defenses thus fail as a matter of law and should be struck.

This is a civil action, brought by a private party against another private party. There is no state actor named here, nor is there any allegation that a criminal statute has been violated or that plaintiff could or would seek criminal penalties in this action.

Any purported violations of the due process clause of the Fifth Amendment to the United States Constitution are thus impertinent. *See, e.g.*, *Vazquez*, 2016 WL 155044 at *4-5.

Moreover, to the extent that this purported defense seeks to challenge one or more of the FCC's interpretations of the TCPA, the proper venue and procedures for such a challenge are spelled out in The Administrative Orders Review Act, 28 U.S.C. § 2341 *et seq.* (the "Hobbs Act"). ***Importantly, this Court is not the proper venue for such a challenge and such a***

13

*challenge would be facially untimely*.

The Hobbs Act and the Federal Communications Act work in tandem to confine the jurisdiction of federal courts over efforts to invalidate certain actions by the FCC. The Federal Communications Act provides that "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter . . . shall be brought as provided by and in the manner prescribed in [the Hobbs Act]." 47 U.S.C. § 402(a). And the Hobbs Act provides that "[t]he court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of (1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47." 28 U.S.C. § 2342. The Hobbs Act contains a further restriction on the jurisdiction of the courts of appeals, stating that "[a]ny party aggrieved by the [FCC's] final order may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies." *Id.* § 2344.

Additionally, if Omega indeed intends to assert the purported unconstitutionality of the TCPA, it has failed to comply with L.R. 24.1, which sets forth specific procedures for asserting such claims in a pleading.

## CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiff requests this Honorable Court to strike Omega's Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Nineth [sic], Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Twenty-Third, Twenty-Sixth, Twenty-Seventh, and Twenty-Ninth Affirmative Defenses, and for any other relief this Court deems just and proper.

| | |
|---|---|
| Respectfully submitted, | **THOMAS MILLER**, individually and on behalf of a Class of similarly situated individuals |
| Dated: June 24, 2020 | By: /s/Adam T. Savett |
| | One of Plaintiff's Attorneys |

Adam T. Savett (VA73387)
adam@savettlaw.com
**Savett Law Offices LLC**
2764 Carole Lane
Allentown PA 18104
Telephone: (610) 621-4550
Facsimile: (610) 978-2970

*Attorneys for Plaintiff and the Putative Class*


## CERTIFICATE OF COMPLIANCE

I hereby certify that PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE CERTAIN OF DEFENDANT EGV COMPANIES' AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(f) adheres to the page limitations set forth in Local Rule 7.1(f).

*/s/ Adam T. Savett*
Adam T. Savett

15