UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS MILLER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| EGV COMPANIES, INC., d/b/a OMEGA AUTO CARE, a Delaware corporation, and JOHN DOE CORPORATION, | ) ) ) ) |
| Defendants. | ) ) ) |

Case No. 5:20-cv-690-BYP

The Honorable Benita Y. Pearson

**DEFENDANT EGV COMPANIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF RESPONSE IN OPPOSITION TO <u>PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES</u>**

About two weeks after Plaintiff allegedly received one call on a cellular telephone, Plaintiff Thomas Miller ("Plaintiff") filed a Complaint against EGV on April 1, 2020, seeking to bring forth one claim, on a class-wide basis, for the alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"). (D.E. 1). A class has yet to be certified. EGV answered Plaintiff's Complaint and raised its affirmative defenses. (D.E. 12).[1]

Plaintiff now seeks to strike 18 of EGV's 29 affirmative defenses *before* any discovery exchange, and groups his arguments into 2 categories: (i) those affirmative defenses that, in Plaintiff's view, are "attacks on Plaintiff's prima facie case, and thus are not affirmative defenses at all"; and (ii) those that he deems "fail as a matter of law." (D.E. 14-1:2-3). EGV does *not* agree with Plaintiff's views or his method of categorization; but, for the sake of simplicity and this Court's ease of reference, EGV endeavors to respond within Plaintiff's construct.

---

[1] EGV filed its Answer and Affirmative Defenses pursuant to this Court's Standing Case Management Conference Scheduling Order. (D.E. 10; D.E. 12). EGV's motion to dismiss Plaintiff's Complaint, filed on June 1, 2020, remains pending. (D.E. 4).

1

*Thomas Miller v. EGV Companies, Inc.*
Case No. 5:20-cv-690-BYP
Memorandum of Law in Response to Plaintiff's Motion to Strike

Plaintiff's Motion to Strike fails for several reasons. Absent from the Motion to Strike is *any* showing of prejudice to Plaintiff if the affirmative defenses were to remain in EGV's answer, or any claim that EGV's defenses are unrelated to Plaintiff's putative class action. Moreover, the affirmative defenses, as pled, satisfy EGV's pleading obligations, and Plaintiff cannot legitimately maintain that, as a matter of law, EGV's defenses cannot succeed under any circumstances. Plaintiff thus fails to carry his burden to show that the challenged affirmative defenses are so unrelated to Plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial. As a result, the Motion to Strike should be denied and any factual determinations can be more appropriately resolved at a later stage in the proceedings with the benefit of a developed record.

## ARGUMENT

### A. The pleading standard for affirmative defenses.

District courts in the Sixth Circuit are split over the application of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to affirmative defenses. *E.g.*, *Ruff v. Credit Adjustment, Inc.*, No. 2:18-CV-351, 2018 WL 4019464, at *2 (S.D. Ohio Aug. 23, 2018). Plaintiff recognizes the Sixth Circuit has not yet resolved this question and chose to argue the "fair notice" standard in support of his Motion to Strike (D.E. 14-1:10) ("…that would constitute 'fair notice'").

Plaintiff's application of the "fair notice" standard—under which affirmative defenses "need only provide 'fair notice of the nature of the defense,'" and defenses are acceptable "even if they lack factual specificity," *Lindenbaum v. CVS Health Corp.*, No. 1:17-CV-1863, 2017 WL 5562072, at *1 (N.D. Ohio Nov. 20, 2017) (citations omitted)—makes sense. First, the holdings in *Twombly* and *Iqbal* are limited to Rule 8(a), and there is a difference in language between

Case: 5:20-cv-00690-BYP  Doc #: 17  Filed: 07/15/20  3 of 17.  PageID #: 156

*Thomas Miller v. EGV Companies, Inc.*
Case No. 5:20-cv-690-BYP
Memorandum of Law in Response to Plaintiff's Motion to Strike

Rule 8(a) and Rules 8(b) and (c). *Compare* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the *claim showing* the pleader is entitled to relief") *with* Fed. R. Civ. P. 8(b) (requiring a statement "in short and plain terms" of "*defenses* to each claim") *and with* (c) ("affirmatively state any avoidance or affirmative defense") (emphasis added). Second, in the absence of a decision from the Sixth Circuit stating otherwise, it appears this Court continues to apply the fair notice standard. *See, e.g., Carradine Chiropractic Ctr. v. Smarthealth, Inc.*, No. 4:14CV00342, 2014 WL 12600473, at *1 (N.D. Ohio May 28, 2014) (Pearson, J.) ("an affirmative defense pleaded in general terms will not be held to be insufficient 'as long as it gives plaintiff fair notice of the nature of the defense,'" citing *Lawrence*, *supra*); *Ruff*, 2018 WL 4019464, at *2; *see also Lawrence v. Chabot*, 182 F. App'x 442, 456-57 (6th Cir. 2006) (upholding magistrate's refusal to strike affirmative defenses that were "bare one-liners" under fair notice standard); *Montgomery v. Wyeth*, 580 F.3d 455, 467-68 (6th Cir. 2009) (decision post-dating *Twombly* and *Iqbal*; declining to apply heightened pleading standard to repose defense). EGV's affirmative defenses provide adequate notice to Plaintiff of the basis for the defenses, particularly when a review of the pleadings, including all reasonable inferences, is taken as a whole. The Motion to Strike, which save for one exception, does not complain about the sufficiency of notice, necessarily fails for this reason as explained further below.

      **B.**    **Motions to strike are generally disfavored and must not be granted absent a showing of prejudice to the moving party.**

Although Federal Rule of Civil Procedure 12(f) authorizes a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f); *accord Lindenbaum*, 2017 WL 5562072, at *1, striking a portion of a pleading is a drastic remedy seldom granted "absent a showing of real prejudice to the moving party." *Hughes v. Lavender*, No. 2:10-CV-674, 2011 WL 2945843, at *2 (S.D. Ohio July

Case: 5:20-cv-00690-BYP Doc #: 17 Filed: 07/15/20 4 of 17. PageID #: 157

*Thomas Miller v. EGV Companies, Inc.*
Case No. 5:20-cv-690-BYP
Memorandum of Law in Response to Plaintiff's Motion to Strike

20, 2011); *accord Smarthealth, Inc.*, 2014 WL 12600473, at *1; *see also Lindenbaum*, 2017 WL 5562072, at *1 ("striking a pleading 'should be sparingly used'") (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1382 (3d ed.) (motions to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice").

Here, there is no danger of any prejudice to Plaintiff arising from the inclusion of EGV's affirmative defenses in its answer. Indeed, Plaintiff exerts no effort to claim, *much less show*, that he will be prejudiced if the affirmative defenses at issue are permitted to stand at this early, pre-discovery stage.[2] Indeed, Plaintiff's Motion to Strike should be denied on this basis alone. *See Smarthealth, Inc.*, 2014 WL 12600473, at *2 (denying plaintiff's motion to strike because, "[u]ltimately, Plaintiff does not show that the complained of affirmative defenses, as pleaded, will result in prejudice").

Additionally, motions to strike are not the proper method for determining the merits of a defense. *See Moore v. Law Office of Daniel Slane, LLC*, 2:13-cv-01101, 2014 WL 12586316, at *2 (S.D. Ohio May 13, 2014); *see also Smarthealth, Inc.*, 2014 WL 12600473, at *1 ("even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits"). Courts should not

---

[2] Despite Plaintiff's failure to allege any prejudice arising from EGV's assertion of any of its affirmative defenses (which is fatal to Plaintiff's Motion to Strike, see *Smarthealth, Inc.*, 2014 WL 12600473, at *2), EGV plans to seek leave to file an Amended Answer withdrawing—*without* prejudice—its Eighth Affirmative Defense based on exemption from liability, Thirteenth Affirmative Defense based on estoppel, Fourteenth Affirmative Defense based on waiver, Fifteenth Affirmative Defense based on mistake, and its Eighteenth Affirmative Defense based

4

Case: 5:20-cv-00690-BYP Doc #: 17 Filed: 07/15/20 5 of 17. PageID #: 158

*Thomas Miller v. EGV Companies, Inc.*
Case No. 5:20-cv-690-BYP
Memorandum of Law in Response to Plaintiff's Motion to Strike

strike a matter from a pleading unless it is clear that it can have "no possible relation to the controversy," *Lindenbaum*, 2017 WL 5562072, at *1, or "it appears to a certainty that plaintiff[] would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Engineers Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Thus, "[c]ourts will rarely strike a defense for legal insufficiency" or strike defenses "raising factual questions." *Lindenbaum*, 2017 WL 5562072, at *1 (citations omitted); *accord Smarthealth, Inc.*, 2014 WL 12600473, at *1 ("a motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits"). Doubts should be resolved in favor of the non-moving party, so that the allegations can proceed to discovery and an adjudication on the merits. *See* 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.).

To begin with, here, "Plaintiff does not support its motion with binding or on-point authorities." *Smarthealth, Inc.*, 2014 WL 12600473, at *2. But, more to the point, EGV's affirmative defenses all involve factual determinations that can (and should) be resolved more appropriately on summary judgment. *See Lindenbaum*, 2017 WL 5562072, at *2 (applying similar conclusion to TCPA action involving affirmative defenses based on lack of standing, unclean hands, plaintiff's own actions or inactions causing damages, and improper class action).[3] Plaintiff makes no legitimate contention otherwise. (D.E. 14-1). And, a determination of whether

---

on joinder. EGV reserves its right to later seek to re-plead these affirmative defenses as discovery and the facts and circumstances further supporting these defenses are further revealed.

[3] The record is not sufficiently developed for the court to strike any affirmative defenses. *See, e.g.*, *CNB Bancshares, Inc. v. Stonecastle Sec. LLC*, No. 3:09-CV-33, 2012 WL 13020054, at *1 (E.D. Tenn. Jan. 30, 2012) (denying motion to strike because record was not sufficiently developed for court to strike affirmative defense). Take Plaintiff's lack of standing, for example. Upon EGV's information and belief, Plaintiff does not even own the account for the cellular number allegedly called. Plaintiff's connection to the corresponding cellular account is a factual

EGV "can factually support [its] affirmative defense will be unveiled through the discovery process," *Ruff*, 2018 WL 4019464, at *4, assuming, *arguendo*, Plaintiff's claim survives dismissal. Moreover, even if certain assertions were considered defenses rather than affirmative defenses, Plaintiff does not claim, nor can he possibly show, these defenses are unrelated to his class action for damages. There is thus no basis to strike such defenses. *See Lindenbaum*, 2017 WL 5562072, at *2 & n.16 (denying motion to strike defenses of improper class action, unmeasurable class-wide damages, TCPA exception, failure to mitigate, and excessive penalties); *Smarthealth, Inc.*, 2014 WL 12600473, at *2 (denying motion to strike defenses asserting failure to state a claim, failure to mitigate, and protection of First Amendment because plaintiff failed to show that the defenses are "so legally insufficient that it is beyond cavil that [Defendant] could not prevail on them") (original alteration).

  **C. EGV's Second, Third, Sixth, and Ninth Affirmative Defenses survive Plaintiff's Motion to Strike.**

Without *any* analysis, Plaintiff seeks to strike the Second, Third, Sixth, and Ninth Affirmative Defenses because they purportedly attack Plaintiff's prima facie case. (D.E. 14-1:3, 6-7).[4] This wholly conclusory argument cannot hold. For one thing, the rules of procedure require "[e]very defense to a claim for relief in any pleading [to] be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b); *c.f. Glover v. Mary Jane M. Elliott, P.C.*, No. 1:07-CV-648, 2007 WL 2904050, at *3 (W.D. Mich. Oct. 2, 2007) (non-TCPA case on which

---

issue to be resolved following the exchange of discovery. The same can be said of EGV's remaining affirmative defenses.

[4] EGV's Second Affirmative Defense is based on Plaintiff's failure to state a plausible cause of action for class relief, pursuant to Federal Rule of Civil Procedure 23; the EGV's Third Affirmative Defense is based on Plaintiff's failure to state a claim upon which relief can be granted; the Sixth Affirmative Defense is based on Plaintiff's failure to sufficiently allege a class action is proper or appropriate; and finally, EGV's Ninth Affirmative Defense is based on the

Plaintiff relies, recognizing: "[a]s the question whether a complaint states a claim upon which relief can be granted is always a potential issue in any case, the first defense cannot be stricken as insufficient"). Plaintiff's invitation to strike defenses that "must be asserted," including those that are enumerated within Rule 12, should be flatly rejected.

For another, as recognized in a case upon which Plaintiff relies (D.E. 14-1:2), "the obligation to plead all 'matter[s] constituting an avoidance or affirmative defense' creates a difficult problem for answering defendants in distinguishing between denials and affirmative defenses. Because the penalty for not asserting an affirmative defense is waiver, it is prudent for a defendant to state defenses as affirmative defenses if in doubt whether they could be raised by a denial." *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1086 (W.D. Mich. 1997); *see also Saunders v. Fast Auto Loans, Inc.*, No. 2:15-2624, 2016 WL 1627035, at *4, 7 (E.D. Calif. Apr. 25, 2016) (non-TCPA case upon which Plaintiff relies, D.E. 14-1:3, denying motion to strike defenses that were improperly designated as affirmative defenses on this basis; contrary to Plaintiff's suggestion, *Saunders*, which applied the fair notice standard, did *not* strike defenses similar to those EGV asserts under the Second, Third, Sixth, and Ninth Affirmative Defenses). Therefore, to the extent Plaintiff seeks to assert any of the affirmative defenses at issue in the Motion to Strike are not technically deemed affirmative defenses, they are nonetheless appropriate denials of Plaintiff's allegations that identify legal and factual issues in this litigation that Plaintiff has to overcome.

Further, these affirmative defenses may also apply to the claims of the unknown putative class members whom Plaintiff seeks to represent, which applicability will not be known until

---

assertion that EGV did not and does not place calls using pre-recorded messages, as alleged in Plaintiff's Complaint.

7

Case: 5:20-cv-00690-BYP Doc #: 17 Filed: 07/15/20 8 of 17. PageID #: 161

*Thomas Miller v. EGV Companies, Inc.*
Case No. 5:20-cv-690-BYP
Memorandum of Law in Response to Plaintiff's Motion to Strike

later in this litigation, if at all. Granting a motion to strike on this basis "will not promote the disposition of the case on the merits." *Ameriwood Indus. Int'l Corp.*, 961 F. Supp. at 1086.

Perhaps more critically here, however, "[b]y failing to challenge the substance of the defenses, [P]laintiff implicitly admits that the defenses constitute legitimate matters that will be the subject of proofs at trial." *Ameriwood Indus. Int'l Corp.*, 961 F. Supp. at 1086. These defenses thus survive. *See also Lindenbaum*, 2017 WL 5562072, at *2 (denying motion to strike in TCPA action involving defenses similar to the ones pled here).

### D. EGV's remaining affirmative defenses that are the subject of Plaintiff's Motion to Strike do not fail as a matter of law.

Plaintiff argues the remaining affirmative defenses should be stricken because they purportedly fail as a matter of law. Similar to the shortcomings associated with Plaintiff's *prima facie* argument, see Point II.C., *supra*, the Motion to Strike makes no effort to challenge the substance of EGV's affirmative remaining defenses. The Motion to Strike should be denied on this basis. *E.g.*, *Ameriwood Indus. Int'l Corp.*, 961 F. Supp. at 1086. Notwithstanding this deficiency, the substance of each affirmative defense is addressed in turn.

- **Lack of standing.** This Circuit has recognized standing, at least implicitly, as an affirmative defense. *See, e.g., Morell v. Star Taxi*, 343 F. App'x 54, 56 (6th Cir. 2009); *JP Morgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 580 (6th Cir. 2014); *see also Glover*, 2007 WL 2904050, at *4 (case on which Plaintiff relies, ruling that, because "standing is a potential issue in any case," the defense is not insufficient). The affirmative defense of standing, as pled here in the Fourth and Twenty-Third Affirmative Defenses, is based on the assertion that EGV cannot be held liable under the TCPA because neither Plaintiff nor the putative class Plaintiff seeks to represent suffered the requisite harm to confer Article III standing based on one call Plaintiff allegedly received on an account that EGV does not believe

Case: 5:20-cv-00690-BYP Doc #: 17 Filed: 07/15/20 9 of 17. PageID #: 162

*Thomas Miller v. EGV Companies, Inc.*
Case No. 5:20-cv-690-BYP
Memorandum of Law in Response to Plaintiff's Motion to Strike

Plaintiff owns. It is not insufficient as a matter of law. *Cf. Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019) (single text message does not confer standing).

- **Unclean hands**. The doctrine of unclean hands, which serves as EGV's Fifth Affirmative Defense, "is available as an affirmative defense" in a TCPA case "when a plaintiff seeks equitable relief," as Plaintiff does here. (D.E. 1:17); *see Ruff*, 2018 WL 4019464, at *5. Contrary to Plaintiff's suggestion, the doctrine is not limited to reprehensible conduct, but rather "[a]ny willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of" the defense. *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 815 (1945). Here, it cannot be said (and, in fact, it is *not* said) that "it appears to a certainty that plaintiff[] would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *G & W Constr. Co.*, 783 F.3d at 1050. This holds true particularly given (i) Plaintiff's efforts to seek to expand a potential individual claim for damages into a putative class action about two weeks after allegedly receiving one phone call at a cellular number EGV has reason to believe Plaintiff does not own, and (ii) Plaintiff's own allegations that "Plaintiff followed the prerecorded message's voice prompts and pressed the designated button to speak with a live person." (D.E. 1:8).

- **Acts or omissions of others.** *Glover*, a non-TCPA case upon which Plaintiff relies (D.E. 14-1:6), does not bar EGV's Seventh Affirmative Defense, which is based on the assertion that Plaintiff's alleged damages were caused, in whole or in part, by the acts or omissions of third parties, Plaintiff, or putative class members, over which EGV had and has no control of or over. *Glover* merely holds that the defense has no bearing based on the facts and circumstances unique to that debt collection case. 2007 WL 2904050, at *5. As pled here, the

Case: 5:20-cv-00690-BYP Doc #: 17 Filed: 07/15/20 10 of 17. PageID #: 163

*Thomas Miller v. EGV Companies, Inc.*
Case No. 5:20-cv-690-BYP
Memorandum of Law in Response to Plaintiff's Motion to Strike

defense is relevant insofar as it relieves EGV of vicarious liability to which it would otherwise may be subject. EGV did not and does not place calls using pre-recorded messages. (D.E. 12:23, Ninth Aff. Def.). That means if such a call actually occurred, some other entity placed it. The affirmative defense is directly related to Plaintiff's action and should not be stricken. *C.f. Ruff*, 2018 WL 4019464, at *1, 4. Alternatively, Plaintiff can concede his inability to establish any vicarious liability on the part of EGV concerning the claim asserted in this action.

- **Failure to mitigate.** EGV's Sixteenth Affirmative Defense is based on the failure of Plaintiff and the putative class to mitigate damages. As a preliminary matter, this Court has previously denied a motion to strike based on the assertion of this defense. *Smarthealth, Inc.*, 2014 WL 12600473, at *1-2. In addition, although, it is true that some courts have declined to impose on plaintiffs a duty to mitigate statutory damages, some courts have found there may be a duty to mitigate *actual* damages. *See, e.g.*, *Glover*, 2007 WL 2904050, at *3 (case on which Plaintiff relies, recognizing that "[a]lthough failure to mitigate is not a defense to an award of statutory damages, it may be a defense to a claim for actual damages"). For this reason, courts have denied a plaintiff's attempt to strike the affirmative defense of failure to mitigate in the context of TCPA claims where, as here, *actual* damages are sought. *See, e.g.*, *George v. Leading Edge Recovery Solutions, L.L.C.*, No. 8:13-cv-484-T-24-TBM, 2013 WL 3777034, at *2 (M.D. Fla. July 18, 2013); *see also Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit Corp.*, No. 13-cv-14376, 2014 WL 4715532, at *6 (E.D. Mich. Sept. 22, 2014) (striking failure to mitigate defense because plaintiff sought statutory damages, but permitting defendant leave to amend "[s]hould plaintiff amend its complaint to seek actual damages"). Because Plaintiff seeks actual damages, either for himself or on behalf of the supposed class (D.E. 1:17), EGV's

Case: 5:20-cv-00690-BYP Doc #: 17 Filed: 07/15/20 11 of 17. PageID #: 164

*Thomas Miller v. EGV Companies, Inc.*
Case No. 5:20-cv-690-BYP
Memorandum of Law in Response to Plaintiff's Motion to Strike

affirmative defense of failure to mitigate is appropriate, and Plaintiff's request to strike should be denied.

- **Good faith and intended recipient.** Courts have recognized EGV's Seventeenth Affirmative Defense, based on EGV acting reasonably and in good faith at all material times, in TCPA actions. *See, e.g.*, *Chyba v. First Fin'l Asset Management*, No. 12-cv-1721-BEN (WVG), 2014 WL 1744136, at *12 (S.D. Cal. Apr. 30, 2014) (granting defendant summary judgment on TCPA claims where "[d]efendant had a good-faith basis to believe that Plaintiff had provided consent" to be contacted), *affirmed*, 671 F. App'x 989 (9th Cir. 2016); *Danehy v. Time Warner Cable Enterprises*, No. 5:14-CV-133-FL, 2015 WL 5534094, at *7 (E.D.N.C. Aug. 6, 2015) (recommending granting defendant summary judgment on TCPA claim where "defendant's good faith belief that it had consent for the calls precludes liability"), *adopted*, 2015 WL 5534285 (Sept. 18, 2015). Here, Plaintiff implicitly concedes the propriety and relevance of EGV's "good faith" defense by noting the availability of treble damages if the Court "determines that Defendants' conduct was willful and knowing." (D.E. 1:16). EGV's "good faith" affirmative defense is appropriate, and Plaintiff's request to strike such a defense should be denied.

And, because EGV's good faith affirmative defense is appropriate, by logical extension, so too is its Twenty-Seventh Affirmative Defense that Plaintiff was not the intended recipient of the alleged call. In this case, EGV has pleaded some facts, throughout its pleading, on which it could prevail. EGV asserts for example, that if it did call Plaintiff, Plaintiff and the putative class Plaintiff seeks to represent consent to, ratified, invited, and acquiesced to receiving the alleged call (an affirmative defense which Plaintiff does not challenge), or, alternatively, EGV did not intend to call Plaintiff. (D.E. 12:26). Rather, some other person or entity must have called Plaintiff. Plaintiff may have been called inadvertently, as a result of a mis-dial, or because the

Case: 5:20-cv-00690-BYP Doc #: 17 Filed: 07/15/20 12 of 17. PageID #: 165

*Thomas Miller v. EGV Companies, Inc.*
Case No. 5:20-cv-690-BYP
Memorandum of Law in Response to Plaintiff's Motion to Strike

number had been re-assigned, without EGV's knowledge, from the person intended to be called. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 8000, 8005 ¶¶ 72, 82 (2015) ("callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber"; "[i]f this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such"; "where certain conditions are met, the first call to a wireless number after reassignment should not be subject to liability (absent actual knowledge of reassignment), but rather may act as an opportunity for the caller to obtain constructive or actual knowledge of reassignment"); *c.f. Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011) (because defendant had existing business relationship with intended recipient of prerecorded call, call was exempt from TCPA liability even though actual recipient of call was non-debtor who had no established relationship with defendant).

Plaintiff has not shown, let alone attempted to show, that it "appears to a certainty" that EGV will be categorically unable to support any permutation of this affirmative defense on any conceivable "state of the facts which could be proved in support of the defense and are inferable from the pleadings." *G & W Constr. Co*, 783 F.3d at 1050. These affirmative defenses are relevant to the case and directly undercut any allegation that EGV's conduct was willful. They should not be stricken.

- **First Amendment.** EGV's Twenty-Sixth Affirmative Defense adequately asserts that the alleged call constitutes commercial speech protected by the First Amendment. *See Smarthealth, Inc.*, 2014 WL 12600473, at *2 (denying motion to strike based on First

12

Case: 5:20-cv-00690-BYP Doc #: 17 Filed: 07/15/20 13 of 17. PageID #: 166

*Thomas Miller v. EGV Companies, Inc.*
Case No. 5:20-cv-690-BYP
Memorandum of Law in Response to Plaintiff's Motion to Strike

Amendment defense because Plaintiff failed to show defense was "so legally insufficient that it is beyond cavil that [Defendant] could not prevail on them"). "Because the penalty for not asserting an affirmative defense is waiver, it is prudent for a defendant to state defenses as affirmative defenses if in doubt whether they could be raised by a denial." *Ameriwood Indus. Int'l Corp.*, 961 F. Supp. at 1086. *See* 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.). This seems particularly prudent given the recent United States Supreme Court decision in *Barr v. American Association of Political Consultants, Inc.*, No. SC19-631, 2020 WL 3633780 (U.S. July 6, 2020), which invalidated the 2015 government-debt exception in the TCPA on First Amendment grounds and severed it from the remainder of the statute. Judicial interpretation of laws can and do change, and a defense should not be stricken simply because another court has ruled it insufficient. *See* 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.). Further, Plaintiff's argument that EGV inadvertently failed to comply with Rule 5.1 and Local Rule 24.1 is insufficient to waive the constitutional issue or any other rights or defenses of EGV. L.R. 24.1(b); *accord Lindenbaum*, 2017 WL 5562072, at *2; Fed. R. Civ. P. 5.1(d) ("[a] party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted"). Plaintiff's request to strike should be denied.

- **Excess fines and due process.** Finally, EGV's Twenty-Ninth Affirmative Defense, based on the TCPA's excessive fines and grossly disproportionate statutory damages provisions and the safeguards and protections available under the Fifth, Sixth, Eighth, and Fourteenth Amendments, should remain intact because any liability for damages impacts EGV's due process rights. *See Lindenbaum*, 2017 WL 5562072, at *1-2 (denying request to strike defense for excessive statutory penalties); *Keith Bunch Assocs., LLC v. La-Z-Boy Inc.*, No. 1:14-cv-850, 2015 WL 4158760, at *3 (M.D. N.C. July 9, 2015) (denying request to strike

13

Case: 5:20-cv-00690-BYP Doc #: 17 Filed: 07/15/20 14 of 17. PageID #: 167

*Thomas Miller v. EGV Companies, Inc.*
Case No. 5:20-cv-690-BYP
Memorandum of Law in Response to Plaintiff's Motion to Strike

constitutional defense and acknowledging concern about whether the $500 award per violation of the TCPA may lead to an "excessive fine" in violation of the Eighth Amendment or implicate "due process" concerns under the Fifth Amendment; declining to strike defense asserting the imposition of statutory damages, unrelated to any actual harm caused by defendant's conduct, violates constitutional rights). Further, as with EGV's Twenty-Sixth Affirmative Defense on First Amendment grounds, Plaintiff's argument that EGV inadvertently failed to comply with Rule 5.1 and Local Rule 24.1 does not waive the constitutional issue or any other rights or defenses of EGV. L.R. 24.1(b); *accord Lindenbaum*, 2017 WL 5562072, at *2. There is therefore no reason to strike this affirmative defense based on this possible procedural error. Lastly, as to Plaintiff's point concerning the Hobbs Act, Plaintiff fails to cite any authority, and EGV has found none, to support striking this constitutional defense based on the Act's existence. At a minimum, questions regarding the Hobbs Act remain unsettled. *See PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051 (U.S. 2019) (remanding question whether the Hobbs Act's vesting of "exclusive jurisdiction" in appellate courts to "enjoin, set aside, suspend," or "determine the validity" of FCC "final orders" means that a district court must adopt, and consequently follow, the FCC's Order interpreting the term "unsolicited advertisement" as including certain faxes that promote "free" goods); *Leyse v. Clear Channel Broad., Inc.*, 545 F. App'x 444, 457 (6th Cir. 2013) ("there may be limits to the extent the Hobbs Act and other similar statutory restrictions on judicial review apply to some constitutional defenses"). EGV's affirmative defense therefore should not be stricken.

### E. Leave to Amend

Plaintiff's Motion to Strike should be denied for the aforementioned reasons. However, if the Court is inclined to grant Plaintiff's Motion to Strike, in whole or in part, EGV respectfully

Case: 5:20-cv-00690-BYP Doc #: 17 Filed: 07/15/20 15 of 17. PageID #: 168

*Thomas Miller v. EGV Companies, Inc.*
Case No. 5:20-cv-690-BYP
Memorandum of Law in Response to Plaintiff's Motion to Strike

requests that it do so *without* prejudice and to grant EGV leave to amend its Answer and Affirmative Defenses. *E.g.*, Fed. R. Civ. P. 15(a)(2) ("court should freely give leave [to amend] when justice so requires"). Plaintiff will not be prejudiced by this leave to amend given the early stage of these proceedings. Moreover, Plaintiff—notably—does not seek to strike any of EGV's affirmative defenses with prejudice.

## III. CONCLUSION

Plaintiff's Motion to Strike fails for several reasons. First, the motion is devoid of any showing of prejudice to Plaintiff or any claim that EGV's defenses are unrelated to Plaintiff's putative class action. Second, EGV's affirmative defenses not only provide fair notice to Plaintiff and the putative class of the nature of EGV's defenses, but also provide a plausible, factual basis for the defenses, particularly when a review of the pleadings, including all reasonable inferences, is taken as a whole. Plaintiff cannot legitimately maintain that, as a matter of law, EGV's defenses cannot succeed under any circumstances. Accordingly, the Court should deny the Motion to Strike and any factual determinations can be addressed more appropriately at a later stage in the proceedings.

WHEREFORE, Defendant EGV Companies, Inc. respectfully requests this Court to deny Plaintiff's Motion to Strike in its entirety. Alternatively, if the Court is inclined to grant some or all of Plaintiff's Motion to Strike, EGV respectfully requests that it do so without prejudice and to grant EGV leave to amend its Answer and Affirmative Defenses.

Dated: July 15, 2020

By: */s/ Ashley L. Oliker*
Ashley L. Oliker, Esq. (0085628)
Frost Brown Todd LLC
One Columbus, Suite 2300
10 West Broad Street
Columbus, OH 43215-3484

15

Tel: (614) 559-7227
Fax: (614) 464-1737
Email: aoliker@fbtlaw.com

**BETH-ANN E. KRIMSKY**
Fla. Bar No. 968412
Email: beth-ann.krimsky@gmlaw.com
Email: clemencia.corzo@gmlaw.com
*Pro Hac Vice Admission*
**WILLIAM L. TUCKER**
Fla. Bar No. 92580
Email: william.tucker@gmlaw.com
Email: leslieann.marin@gmlaw.com
*Pro Hac Vice Admission*
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6208
Fax: (954) 333-4208

*Attorneys for Defendant EGV Companies, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I filed the foregoing with the Clerk of the Court via CM/ECF on this **15th** day of July, 2020. I also certify that the foregoing document is being served this day on all counsel of record and parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. mail and email for those counsel or Parties who are not authorized to receive Notices of Electronic Filing electronically.

By: */s/ Ashley L. Oliker*
Ashley L. Oliker

EN00726.Public-00726  4812-7451-0531v1